DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-334-FDW
(3:06-cr-151-FDW-DCK-3)

| | |
|---|---|
| MICHAEL ATTILIO MANGARELLA, )<br> )<br>Petitioner, )<br> )<br>vs. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause." (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the motion.

**I.   BACKGROUND**

On September 18, 2008, a jury convicted movant Michael Attilio Mangarella in this Court of conspiracy to defraud the United States, 18 U.S.C. § 371, and multiple counts of wire fraud, 18 U.S.C. § 1343, 18 U.S.C. § 2, after he was extradited from Costa Rica where he and others operated a fraudulent sweepstakes scheme aimed at U.S. citizens. (Crim. Case No. 3:06-cr-151-FDW-DCK-3, Doc. Nos. 341; 342: Jury Verdict). This Court initially sentenced Petitioner to a term of 600 months' imprisonment. (Id., Doc. No. 471: Judgment). While Petitioner's appeal was pending, the Fourth Circuit Court of Appeals vacated the sentence of Petitioner's co-defendant, Giuseppe Pileggi, who had received the same term, on the ground that it was a de facto life sentence that was not in accord with the assurances given to Costa Rica. See United

1

States v. Pileggi, 361 F. App'x 475, 478-79 (4th Cir. 2010).  Before briefing on Petitioner's appeal was completed, Petitioner moved to remand his case for resentencing, and the motion was granted.

On remand, this Court adopted its previous rulings on Petitioner's objections to the presentence report and imposed a sentence of 360 months, as well as ordering restitution of $2,687,501.47 and forfeiture of $10 million.  (Id., Doc. No. 573: Amended Judgment).  Because no count carried a statutory maximum equal to 360 months, in order to achieve that total sentence, the Court imposed the maximum 60-month sentence on Count One, a 60-month sentence on Count Two, and concurrent 240-month sentences on the remaining counts, with the sentences for Counts One and Two to run consecutive to each other and to the remaining 240-month sentences.  (Id.).  Petitioner appealed and the Fourth Circuit affirmed in an unpublished opinion on July 10, 2012.  (Id., Doc. No. 617).

On September 30, 2013, Petitioner filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  (Id., Doc. No. 633).  On April 22, 2014, this Court denied the motion to vacate on the merits and with prejudice.  (Id., Doc. No. 635).  Petitioner appealed and on December 24, 2014, the Fourth Circuit Court of Appeals dismissed the appeal.  (Id., Doc. No. 639).  Petitioner filed the pending motion on June 10, 2016, which Petitioner titled as a "Letter-Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause [See Principles in 18 U.S.C. 3582(c)(1)(A)(i), 3582(c)(2), 3553(a), 3585(b), FRCrimP 45(b)(1), Setser, S. Ct. (2012), Johnson, S. Ct. (2015), Welch, S.Ct. (2016), 28 U.S.C. 2072(b), and 42 U.S.C. 1988)."  (Doc. No. 1).  In the motion, Petitioner seeks an order from the Court "impos[ing] [a] lesser and more appropriate specific sentence which is sufficient but not more than what is required to meet the purposes of punishment under the relevant laws."  (Id. at 1).

## II. DISCUSSION

As noted, Petitioner filed the instant motion, seeking to have the Court reduce his sentence and his term of supervised release in Criminal Case No. 3:06-cr-151-FDW-DCK-3. Despite Petitioner's characterization of the filing, Petitioner's claim is in substance a successive petition. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (stating that district courts "classify pro se pleadings from prisoners according to their contents, without regard to their captions"). Petitioner has already filed a motion to vacate challenging the same conviction and sentence, and the motion to vacate has been denied on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's "Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause" because the

motion is in substance a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file a successive petition.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's "Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause," (Doc. No. 1), is **DISMISSED** without prejudice as a successive petition.

2. The Clerk is respectfully instructed to terminate as no longer pending the motion filed in Petitioner's underlying criminal action, (Doc. No. 656), with a notation referencing this order.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

_____
Frank D. Whitney
Chief United States District Judge